**XIANYI CAO, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

**No. 06–71044.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2007 \*\*.

Filed Nov. 28, 2007.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Law Offices of David Z. Su, El Monte, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Michele Y.F. Sarko, Esq., U.S. Department of Justice Civil Div. Office of Immigration Lit., Margaret A. O'Donnell, Esq., U.S. DOJ–Office of Enforcement Operations Criminal Division, Washington, DC, for Respondent.

Before: FERNANDEZ and WARDLAW, Circuit Judges, and MILLS ***, District Judge.

## MEMORANDUM ****

Xianyi Cao, a Chinese native and citizen, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Cao asserts that the Chinese government persecuted him on account of his disagreement with the Chinese government's population control policy.

We review the BIA's determination that an applicant has not established asylum eligibility for "substantial evidence." *Zi Tang v. Gonzales*, 489 F.3d 987, 989–90 (9th Cir.2007). The BIA found that Cao was not a credible witness. An adverse credibility determination must be based on "specific, cogent reasons" found in the record. *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir.2006). The REAL ID Act of 2005 ("the REAL ID Act") describes the bases upon which the BIA may make an adverse credibility determination in applications for relief, such as Cao's, filed after May 11, 2005. 8 U.S.C. § 1158(b)(1)(B)(iii). The REAL ID Act, however, did not alter our substantial evidence standard of review.

The BIA properly affirmed the IJ's adverse credibility determination, which had been based upon specific and cogent reasons satisfying our precedent. As the BIA noted, at time of Cao's entry into the United States, he stated that he had no fear of returning to China and he failed to mention any difficulties with the Chinese authorities. Only later did Cao protest that returning him to China would lead to his persecution. Moreover, the BIA correctly noted that Cao had contradicted himself as to the details surrounding the birth of his second child. These inconsistencies provide a "legitimate articulable basis to question the petitioner's credibility." *Malhi v. INS*, 336 F.3d 989, 992 (9th Cir.2003).

Without credible testimony, Cao did not meet his burden of proof to establish asylum eligibility. 8 U.S.C. § 1158(b)(1)(B)(i). Because Cao cannot meet the lower standard of eligibility for asylum, he has also failed to show that he is entitled to withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Nor has Cao met his burden of establishing that he "more likely than not" would be tortured if removed to China. 8

---

*** The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

C.F.R. § 208.16(c)(2). The BIA properly denied his CAT claim.

Moreover, the number and severity of Cao's inconsistencies provided substantial evidence for the BIA's finding that he deliberately fabricated material elements of his application and thereby submitted a "frivolous application." 8 U.S.C. 1158(d)(6).

**PETITION FOR REVIEW DENIED.**